**John W. SANFORD, Plaintiff–Appellant,**

v.

**EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS, Defendant–Appellee.**

**No. 00–3823.**

United States Court of Appeals,
Sixth Circuit.

March 7, 2001.

Before BOYCE F. MARTIN, Chief Judge, MOORE, Circuit Judge; and TARNOW,* District Judge.

This is an appeal from a judgment dismissing a complaint filed under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2000, federal prisoner John Sanford filed a complaint under the FOIA seeking grand jury transcripts pertaining to Sanford's 1991 conviction for possession with intent to distribute cocaine, using and carrying a firearm during the commission of a drug trafficking crime and being a felon in possession of a firearm. The district court dismissed the complaint as frivolous within the meaning of 28 U.S.C. § 1915A and this appeal followed.

Section 1915A provides, in relevant part, that the district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing" any such prisoner complaint such as Sanford's seeking redress from governmental entities or employees. The court is to dismiss any portion of the complaint that fails to state a claim for relief. 28 U.S.C. § 1915A(a), (b)(1). Dismissal of a complaint for the failure to state a claim on which relief may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts

---

* The Honorable Arthur J. Tarnow, United States District Judge for the Eastern District of Michigan, sitting by designation.

in support of his claim that would entitle him to relief. *Sistrunk v. City of Strongsville,* 99 F.3d 194, 197 (6th Cir.1996).

Sanford properly filed an FOIA request in 1999 in which he sought all information pertaining to Sanford's prior felony convictions as well as twenty-two pages of testimony given by a Detective Miller in the grand jury proceedings that lead to Sanford's indictment. Sanford's need for Detective Miller's testimony was based on Sanford's bald assertion that Detective Miller committed perjury in the course of Sanford's trial by jury. The request was granted only as to the prior felony information; the custodian declined to turn over any grand jury testimony on the authority of 5 U.S.C. § 552(b)(3) ("Exemption 3"). Sanford then initiated an action in district court against the custodian of the record sought, the Executive Office for United States Attorneys, pursuant to 5 U.S.C. § 552(a)(4)(B). The district court sua sponte ordered the complaint dismissed as it did not state a claim for which relief could be granted.

█ FOIA "Exemption 3" shields material that is specifically exempted from disclosure by another statute, provided that the other statute is couched so as to leave no discretion on the issue, establishes particular criteria for withholding the information or identifies particular types of material to be withheld. 5 U.S.C. § 552(b)(3). The district court found that Federal Rule of Criminal Procedure 6(e), with its explicit direction that grand jury matters be kept secret, is an "Exemption 3" statute that protects against the disclosure of Detective Miller's grand jury testimony. This reading is supported by the plain language of the statute and case law from other circuits. *See, e.g., McDonnell v. United States,* 4 F.3d 1227, 1247 (3d Cir.1993).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.